[No. 4042.]

TIMOTHY MAHON *v.* ESTEBAN RICHARDSON ET AL.

SURVEY OF SWAMP LAND.—In surveying swamp and overflowed lands, the county surveyor is the agent of the State, and it is his duty to connect with the lines of the United States survey.

LAND CONVEYED BY STATE PATENT.—If a State patent of swamp lands describes the land conveyed by subdivisions, according to the United States survey, and continues the description by giving the number of the swamp land survey, and saying that it is more particularly described in the field notes of the survey, and then recites the field notes, the land conveyed is limited to that actually surveyed in the field, and described in the field notes, even if the survey did not include all the land in the subdivisions.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

Ejectment to recover a tract of land in Marin County, and described in the complaint as follows:

"Commencing at a point in the township line between townships one and two north, range six west, thirty-three chains west of the northeast corner of section four; thence running east on said township line to a point where it strikes

the Murphy ranch boundary; thence following said Murphy ranch boundary-line to a point where it strikes the southerly boundary of swamp and overflowed land survey No. 18, and along said southerly boundary of said swamp and overflowed land survey No. 18, to a point where it strikes the line which forms the easterly boundary of swamp and overflowed land survey No. 28; thence south along the said last-named line to the southeast corner of tide land survey No. 150; thence west to the boundary-line of the San Quentin or Ross rancho; thence westerly along said line to station P. Q. 3; thence on a straight line to the place of beginning."

The plaintiff, to recover, relied on a patent from the State, issued to him for swamp and overflowed land, on the 12th day of November, 1868. The patent described the land conveyed as follows:

"Survey No. 1, swamp and overflowed lands, Marin County, township one north, range six west, of Mount Diablo meridian, sections three and four, being a fractional part of the northwest quarter of section three, and fractional part of the northeast quarter of section four, and more particularly described in the field notes of said survey as follows: Beginning at a stake marked X, thirty-three chains west of the northwest corner of section three, in township one north, range six west, of Mount Diablo meridian; thence east forty-six and fifty one-hundredths chains to a stake; thence south twenty chains to a stake; thence west thirty-three and fifty one-hundredths chains to a stake on the line of the survey of Buckalew's tract; thence with the line of said Buckalew's tract north thirty-two degrees thirty minutes, west twenty-three chains, to the place of beginning, containing eighty acres, being run by the true meridian, magnetic variation sixteen degrees east."

The county surveyor, when he made the survey on which the patent issued, did not locate the township line in the place where it was afterwards located by the United States survey, thus leaving a belt of land between the two tracts, which was within the subdivisions named in the patent. The defendants were severally in the possession of lots, in

the town of San Rafael, between the two lines, and within the subdivisions, but outside the township line as run by the county surveyor in the field. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*Bowers & Hanson,* for the Appellants.

The plaintiff is limited to the survey in the field. (Stats. of Cal. 1858, 198 to 201; *Haggin* v. *Campbell,* 8 Porter, 9; *Townsend* v. *Brown,* 4 Zabriskie, 80; *Mayor, etc.,* v. *Ohio et al.,* 26 Penn. 355; *Green's Estate,* 4 Maryland Decisions, 394; *Gildart* v. *Gladstone,* 11 East, 685; *Dubuque R. R.* v. *Litafield,* 23 How. 88.)

Objects called for in a deed or patent control artificial lines, courses and distances. (*Ferris* v. *Coover,* 10 Cal. 269.)

Easkoot's survey of swamp and overflowed land survey No. 1, for the purpose of identifying the land conveyed by the patent in this case, is as much a part of the patent as if set out at length and fully incorporated in it, and must be regarded as a part of the patent for purposes of locating or designating the land conveyed. (*Ferris* v. *Coover,* 10 Cal. 629; *Clairmont* v. *Carrollton,* 2 N. H. 378.)

The lines actually run upon the ground in making the survey of swamp land survey No. 1, called for in the patent in this case, control the artificial lines named in the patent. (*McIvor's Lessee* v. *Walker,* 9 Cranch, 173; *Lunt* v. *Holland,* 14 Mass. 149; 1 Peters's Circuit Court Reports, 511; *Ferris* v. *Coover,* 10 Cal. 629; *Jacks* v. *Freer,* 17 Johns. 31.)

A stake called for in a deed or patent is a natural boundary. (*Roberts* v. *Ives,* 9 Cowen, 661; *Alshire* v. *Hultz,* 1 Wright, 172; *People* v. *Wendell,* 5 Wend. 142.)

A deed or patent is to be construed in reference to its distinct and visible locative calls, as appearing on the land. (*Van Wyck* v. *Wright,* 18 Wend. 157.)

*B. S. Brooks,* for the Respondent.

The position which we took in bringing this suit was this: that in patents granted by the State for lands, which by law are required to conform to the lines of subdivisions of the

public lands, those lines are the controlling monuments, and not the lines erroneously run by the State's servant, in his attempt to ascertain the location and quantity. (*Neff* v. *Maddock,* 26 Wis. 546; *Vroman* v. *Dewey,* 23 Wis. 530; *Stewart* v. *Boyd,* 15 La. Ann. 171; *Martin* v. *Carlin,* 19 Wis. 454; *Hunt* v. *Crawford,* 18 Iowa, 544; *Schumeier* v. *St. Paul R. R.,* 10 Minn. 822.).

By the Court:

In making the survey on which the patent issued, it was the duty of the county surveyor, under the statute, to connect it with the lines of the government survey. In performing this duty, he was the agent of the State, and was the only person authorized by law to perform it. The uncontradicted evidence shows that the survey made in the field commenced at a stake marked X, driven into the ground in the presence of the plaintiff, and the third course terminated at a stake in the line of the Buckalew ranch. The first-named stake has disappeared, but its exact location was fully established at the trial by the testimony of the county surveyor, and of the plaintiff himself. The stake in the line of the Buckalew ranch still remains, and was fully identified at the trial. There is incorporated into the patent the field notes of the survey, calling for these stakes, and the patent describes the land conveyed as that included in the survey. It does not purport to convey any land not so included, and as it calls for visible monuments on the ground, established at the time of the survey, and the precise location of which is clearly established by the evidence, in which there is no conflict on this point, there can be no doubt that the patent must be limited to the land actually surveyed in the field, and can include no other.

Judgment and order reversed, and cause remanded for a new trial.